IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

TOMMY MITCHELL,

    Defendant.                                              No. 93-CR-30132-DRH

## ORDER

**HERNDON, District Judge:**

Before the Court is the Federal Public Defender's ("FPD") motion to withdraw as attorney (Doc. 163) and defendant's motion for clarification regarding the same (Doc. 167). For the reasons described herein, the motion to withdraw is **GRANTED.** The motion for clarification is addressed below.

On November 1, 2014, Amendment 782 to the Sentencing Guidelines took effect. The Amendment applies retroactively and generally reduces by two the offense level assigned to the drug quantities described in §§ 2D1.1 and 2D1.11. On April 10, 2015, defendant filed a *pro se* motion to reduce sentence pursuant to 18 U.S.C. §3582(c)(2) and Amendment 782 to the Sentencing Guidelines.

Pursuant to Administrative Order 167, the FPD entered his appearance on behalf of the defendant. Administrative Order 167 directs the United States Attorney's Office ("USAO"), the United States Probation & Pretrial Services Office ("Probation"), and the FPD to confer to identify offenders who may be eligible for sentence reduction. If the parties agree that an offender is eligible for reduction,

the parties file a joint motion with the Court. No such agreement has been reached in the instant case.

Administrative Order 167 also provides guidance with regard to motions to reduce that are filed *pro se.* Where, as here, the defendant files a *pro se* motion, the FPD enters his appearance on behalf of the defendant. The FPD then evaluates the case and files supplemental briefing. However, the FPD is not permitted to pursue frivolous, non-meritorious claims. Accordingly, if the FPD determines the defendant's motion is without merit, he or she is obligated to seek leave to withdraw.

In the instant case, after reviewing 18 U.S.C. §3582(c)(2), Amendment 782 to the Sentencing Guidelines, and a report from Probation, the FPD determined he could not raise any non-frivolous arguments in support of the defendant's motion to reduce. Accordingly, the FPD cannot proceed as the defendant's counsel of record and filed the instant motion to withdraw. In response, the defendant filed a motion for clarification. In the defendant's view, the FPD is acting as a judge and not as an attorney. Accordingly, the defendant asks the Court for clarification and seeks appointment of a new attorney.

As described above, the FPD is not acting as a judge with regard to the defendant's motion for reduction. The FPD may not present frivolous arguments. In the instant case, because the FPD cannot discern a non-frivolous basis for seeking relief, he is obligated to seek leave to withdraw. Appointment of a new attorney would not resolve the above issue. Moreover, where there is no

agreement as to the defendant's eligibility for 782 relief, the Court is not authorized to appoint counsel for defendants seeking relief under Amendment 782. *See U.S. v. Foster,* 706 F.3d 887 (7th Cir. 2013). The FPD's entry of appearance in the instant case and pursuant to Administrative Order No. 167 was voluntary.

Accordingly, the FPD's motion to withdraw as counsel is **GRANTED.** The defendant's request for appointment of new counsel is **DENIED.**

The defendant must proceed *pro se* on his motion to reduce. In accord with Administrative Order 167, Probation has provided the FPD and the Court with a worksheet evaluating the defendant's eligibility for a sentence reduction. **The Court DIRECTS the Clerk of the Court to provide the defendant with a copy of Probation's worksheet and with a copy of the instant order.**[1] The Defendant is **ALLOWED** until **Tuesday October 6, 2015**, to file a supplemental brief in support of his motion to reduce and responding to Probation's worksheet.

**IT IS SO ORDERED.**

Signed this 7th day of August, 2015.

Digitally signed by David R. Herndon
Date: 2015.08.07 16:13:44 -05'00'

**United States District Court**

---

[1] The Court will docket probation's worksheet contemporaneously herewith under seal.