IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

TOMMY MITCHELL,

    Defendant.                                                                       No. 93-CR-30132-DRH-1

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

    This matter comes before the Court on the defendant's *pro se* motion to reduce sentence under Amendment 782 to the Sentencing Guidelines (Doc. 160). Pursuant to Administrative Order 167, the Federal Defender entered an appearance on behalf of the defendant (Doc. 162). Thereafter, the Federal defender concluded the defendant did not have a meritorious basis for relief and moved to withdraw (Doc. 163). The Court provided the defendant with an opportunity to respond to the motion to withdraw (Doc. 164). The defendant filed a response seeking clarification and requesting new counsel (Doc. 166). On August 10, 2015, the Court provided the requested clarification, denied the request for new counsel, and advised the defendant must proceed *pro se* (Doc. 168). Further, the Court allowed the defendant additional time to brief any argument with respect to his motion to reduce (Doc. 168). The defendant filed a supplemental brief on September 30, 2015 (Doc. 170). The Court now proceeds with assessing the defendant's motion to reduce (Doc. 162).

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant...has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant pursuing a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits. *United States v. Taylor*, No. 13–2978, 2015 WL 554452, *5 (7th Cir. Feb. 11, 2015).

Defendant is not entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). In this case, the defendant's term of imprisonment was imposed upon revocation of supervised release. Amendment 782 does not apply to supervised release proceedings. See e.g., U.S.S.G. § 1B1.10 app. n.7(A) ("Only a term of imprisonment imposed as part of the original sentence is authorized to be

reduced under this section. This section does not authorize a reduction in the term of imprisonment upon revocation of supervised release.").

In his responsive pleading, the defendant notes that the Guidelines are advisory and asks the Court to use any discretion it has to implement a "better suited sentence" (Doc. 170 p. 2). The defendant misunderstands this Court's authority to alter or modify his sentence. A district court generally lacks authority to alter or modify a sentence after its imposition. *United States v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006); *Romandine v. United States*, 206 F.3d 731, 735 (7th Cir.2000). One of the limited exceptions to this general rule is Section 3582(c)(2). However, Section 3582(c)(2) permits a sentence reduction only within the narrow bounds established by the Commission. For reasons already discussed, the defendant is not eligible for a reduction in accord with this section. Further, no other exception to the general rule that the Court lacks authority to alter or modify a sentence after its imposition applies in the instant case. Accordingly, defendant's motion must be denied.

For the reasons stated herein, the Court **DENIES** defendant's *pro se* motion to reduce sentence under Amendment 782 to the Sentencing Guidelines (Doc. 160).

**IT IS SO ORDERED.**

Signed this 2nd day of November, 2015.

Digitally signed by Judge David R. Herndon
Date: 2015.11.02 14:46:17 -06'00'

**United States District Judge**